UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Idil Abdull on behalf of a
Minor Child,

          Plaintiff,                      **MEMORANDUM OPINION
AND ORDER**
v.                                    Civil No. 13-2152 ADM/JJK

Lovaas Institute for Early Intervention
Midwest,

          Defendant.

_____

Michael A. Fondungallah, Esq., Fondungallah & Kigham, LLC, St. Paul, MN, on behalf of Plaintiff.

John M. Mulligan, Esq., and John F. Mulligan, Esq., Mulligan & Bjornnes, PLLP, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On November 5, 2013, the undersigned United States District Judge heard oral argument on Defendant Lovaas Institute for Early Intervention Midwest's ("Lovaas") Motion to Dismiss [Docket No. 7]. Plaintiff Idil Abdull ("Abdull") alleges Lovaas, a corporation that provided services to treat her son's autism, discriminated against her son based on his race, national origin, and disability. For the reasons set forth below, Defendant's Motion to Dismiss is granted in part and denied in part.

## II. BACKGROUND[1]

Abdull, a Somali-American, is a resident of Minnesota. Compl. [Docket No. 1] ¶ 1. Her

---

[1] In considering the Motion to Dismiss, the Court takes the facts alleged in the Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

eleven-year-old son, A.A., was diagnosed with autism at the age of three. Id. ¶ 2. Lovaas, a Minnesota corporation, engages behavior therapy to treat children with autism. Id. ¶ 3. When the services are medically necessary, the cost of services for many of the children receiving therapy through Lovaas is covered by Minnesota's Medicaid program known as Medical Assistance ("MA"). Id. ¶¶ 3-4. MA is funded with federal and state funds and requires Lovaas to demonstrate the progress of each child for whom Lovaas receives reimbursement. Id. ¶¶ 4, 13. Lovaas' stated policy is to review each child's progress every six months and to not discharge a child from the Lovaas program until after two six-month periods of unsatisfactory progress. Id. ¶¶ 13, 21.

In approximately June of 2008, A.A. applied and was admitted to the Lovaas program. Id. ¶ 10. At that time, he was five years old, attended preschool, and was not verbal. Id. ¶¶ 11, 16-17. A.A.'s supervisor at Lovaas informed Abdull that A.A. should not attend preschool while he was receiving treatment through the Lovaas program, so Abdull withdrew him from preschool. Id. ¶ 11. Abdull alleges Lovaas did not request that Caucasian children be taken out of school. Id. ¶ 63.

At the first six-month review of A.A. under the Lovaas program, his supervisor informed Abdull that A.A. would be discharged from the program. Id. ¶ 16; Pl.'s Mem. Law Opp'n ("Pl.'s Br.") [Docket No. 13] Ex. 1. Abdull disagreed with the decision because she viewed it as a violation of Lovaas' policy of not discharging clients before two six-month periods had elapsed, and because she felt A.A. had not been given adequate time to show progress. Compl. ¶ 21. Abdull arranged a meeting with Lovaas' Executive Director of Clinical Services, Dr. Larsson, who allegedly told her that A.A., then age six, would be discharged from the program because he

"was too old" and could not recover from autism. Id. ¶¶ 18, 20. Thereafter, Abdull spoke with Lovaas' CEO Scott Wright, who also allegedly stated A.A. would be discharged because Lovaas does not treat children after the age of six. Id. ¶ 22.

Abdull later learned that Lovaas was treating autistic Caucasian children who were older than six. Id. ¶¶ 22-24. She also learned that a Caucasian child was allowed to remain in the program for four years and receive therapy for non-verbal autism, even though A.A. was denied the opportunity to receive therapy for his non-verbal autism. Id. ¶ 17.

A.A. remained in the Lovaas program for approximately 21 months. Pl.'s Br. Ex. 1. In January 2010, approximately four months prior to the discharge date Lovaas had established for A.A., Abdull withdrew him from the Lovaas program. Id. Abdull alleges that during the time A.A. was enrolled in the Lovaas program, Lovaas subjected Abdull and A.A. to rules that were not applied to Caucasian families. For example, Lovaas required her to provide documentation after missing therapy sessions, but did not impose the same requirements on Caucasian families. Compl. ¶ 27. Abdull further alleges Lovaas refused to teach A.A. the same material that was taught to Caucasian children, id. ¶¶ 17, 40, and that Lovaas reassigned supervisors for A.A. more frequently than for Caucasian clients, which disrupted A.A.'s progress. Id. ¶ 28.

On December 20, 2010, Abdull filed a charge of discrimination with the Minnesota Department of Human Rights ("MDHR") alleging Lovaas discriminated against A.A. due to his race, national origin, and religion. Id. ¶ 34; Pl.'s Br. Ex. 1. The MDHR found no probable cause to believe Lovaas had engaged in discrimination. See Pl.'s Br. Ex. 2. The MDHR mailed the no probable cause determination to Abdull, but the U. S. Postal Service later notified the MDHR that Abdull had not received the determination. The determination was then successfully served

on Abdull at a different address on July 1, 2013.  Id.  On July 22, 2013, the MDHR issued a letter stating Abdull was entitled to bring a private action against Lovaas within 45 days of being served with the no probable cause determination pursuant to Minnesota Statute § 363A.33, subd. 1(2).[2]  Id.; Compl. ¶ 34.

Abdull filed this action on August 8, 2013.  The Complaint alleges claims for disability discrimination under Title III of the Americans with Disabilities Act  ("ADA"), 42 U.S.C. § 12182, and § 504 of the 1973 Rehabilitation Act  ("Rehabilitation Act") 29 U.S.C. § 794 (Counts I and II, respectively), and claims for race and national origin discrimination under the Civil Rights Act of 1964 ("Civil Rights Act") (Count IV) and the Minnesota Human Rights Act ("MHRA") (Counts V and VI).[3]

Abdull alleges Lovaas failed to provide A.A. with equal access to Lovaas' services and facilities because Lovaas allowed Caucasian children to continue attending school while they were enrolled in the Lovaas program, and because A.A. was not taught the same material as Caucasian children.  Compl. ¶¶ 36-40.  Abdull also alleges Lovaas discriminated against A.A. by refusing to continue therapy for him because he was six years old yet continued to provide therapy to Caucasian children older than six, by subjecting Abdull and A.A. to rules not applied to Caucasian families, and by changing his supervisor more frequently than was the practice for

---

[2] Minnesota Statute § 363A.33, subd. 1 provides in relevant part that: "a person may bring a civil action . . . (2) within 45 days after receipt of notice that the [MDHR] commissioner has reaffirmed a determination of no probable cause if the charging party requested a reconsideration of the no probable cause determination."

[3] The Complaint also alleges a claim under Title II of the ADA (Count III) and a claim for intentional infliction of emotional distress (Count VII).  Compl. ¶¶ 48-61, 83-93.  However, Abdull concedes these claims are not viable and must be dismissed.  Pl.'s Br. at 9.

Caucasian children.  Compl. ¶¶ 64-67.

Lovaas moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.  Lovaas argues, inter alia, that the Complaint does not allege a plausible claim under the ADA and Rehabilitation Acts, because Abdull has not alleged facts showing A.A. was subjected to discrimination based on his disability.  Lovaas further argues the Complaint does not provide adequate notice of Abdull's claim under the Civil Rights Act because Count IV of the Complaint does not specify which Title or provision of that Act was allegedly violated.  Lovaas also argues the MHRA claims must be dismissed because the decision to discontinue A.A.'s therapy was not based on race or national origin.  Rather, termination of A.A.'s services was mandatory because MA requires Lovaas to demonstrate the progress of each child for which it receives reimbursement, and Lovaas determined A.A. was not capable of making further progress through the treatment provided by Lovaas.

Abdull opposes the motion to dismiss.  She argues the Complaint alleges sufficient facts to show discrimination against A.A.  Abdull requests leave to amend the Complaint if the Court determines any of the claims alleged in the Complaint are vague or ambiguous.  Abdull also disputes Lovaas' contention that A.A. was not capable of making progress in the Lovaas program, and argues A.A. was making progress.

### III. DISCUSSION

**A.  Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most

favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880.

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Ordinarily, if a district court relies on "matters outside the pleadings" in considering a motion to dismiss, the motion to dismiss is converted to one for summary judgment. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Before a motion is converted to one for summary judgment, a plaintiff must be given notice or "an opportunity to discover or to provide additional evidence." BJC Health Sys., 348 F.3d at 688;

Fed. R. Civ. P. 12(d) (stating "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion"). However, the Court may consider matters that are "necessarily embraced by the pleadings" in deciding a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

In ruling on the motion, the Court will consider the discrimination charge Abdull filed with the MDHR and the July 22, 2013 letter by the MDHR, because these documents are referenced in the Complaint and are therefore embraced by the pleadings. See Compl. ¶ 34; Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (stating documents alleged in complaint are necessarily embraced by complaint and thus not outside pleadings). However, the parties have submitted additional material, including affidavit testimony by Dr. Larsson and Abdull, that are not embraced by the pleadings. The Court excludes and does not consider this material because notice was not provided that the motion would be treated as one for summary judgment, and thus Abdull may not have had an adequate opportunity to discover and produce additional evidence in support of her allegations. See Gibb v. Scott, 958 F.2d 814, 816-17 (8th Cir. 1992) (finding district court erred by not giving plaintiff notice and opportunity to provide further materials before considering matters outside pleadings and converting motion to dismiss to one for summary judgment).

B. **Disability Discrimination (Counts I and II)**

Abdull's disability discrimination claims sound under Title III of the ADA and § 504 of the Rehabilitation Act. Both Acts prohibit discrimination against an individual based on the individual's disability. See 42 U.S.C. § 12182(a) (prohibiting discrimination by owners or operators of places of public accommodations "on the basis of disability"); 29 U.S.C. § 794

(stating in part that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance").

Among the elements required for establishing a violation of the ADA and the Rehabilitation Act, a plaintiff must show he or she was discriminated against based on his or her disability.  <u>Argenyi v. Creighton Univ.</u>, 703 F.3d 441, 447 (8th Cir. 2013) (listing discrimination based on disability as element under ADA and Rehabilitation Act).  Here, Abdull has alleged no facts that would show A.A. was discriminated against on the basis of his disability.  Rather, the Complaint repeatedly states A.A. and Abdull were treated differently than Lovaas' disabled Caucasian students and their families, a race based allegation.  <u>See</u> Compl. ¶¶ 17-18, 22-25, 27-28, 38, 40.  Therefore, Counts I and II are dismissed.

**C.  Race and National Origin Discrimination Under Civil Rights Act of 1964 (Count IV)**

Abdull also alleges Lovaas discriminated against A.A. based on his race and national origin in violation of the Civil Rights Act of 1964.  In moving to dismiss this claim, Lovaas argues the Civil Rights Act is a broad statute covering several areas of the law, and that Count IV of the Complaint does not identify which statutory provision, or even Title, Lovaas allegedly violated.  Lovaas thus contends it has no fair notice of what Abdull's claim is and the grounds for the claim.  Abdull responds by arguing the Complaint adequately states a claim for relief.

Although portions of the Civil Rights Act are referenced generally in the "Jurisdiction and Venue" section of the Complaint, <u>see</u> Compl. ¶ 6, the claims alleged against Lovaas in the "Causes of Action" section do not identify which Title or provision of the Civil Rights Act Lovaas has allegedly violated.  Rather, the stated legal basis for the claim under Count IV is

merely that the "Civil Rights Act of 1964 makes it unlawful to discriminate against an individual because of such individual's national origin." Id. ¶ 62. Abdull has not clarified this issue in her response to Lovaas' motion. Instead, she has merely requested an opportunity to restate the claims if the Court determines they are vague and ambiguous. As a result, the Court and Lovaas are left to guess which portion of the Civil Rights Act provide the basis for Abdull's claim in Count IV.

Abdull appears to allege a violation of Title VII of the Civil Rights Act, because her response brief states she has "exhausted her administrative remedies as to her Title VII and MHRA claims." See Pl.'s Br. at 2. She also relies on Title VII cases to argue she has asserted a plausible Civil Rights Act claim. See id. at 6-8 (citing City of L.A., Dep't of Water & Power v. Manhart, 435 U.S. 702 (1978) (alleging claim under Title VII); Martin v. ReliaStar Life Ins. Co., 710 F. Supp. 2d 875 (D. Minn. 2010) (same); Harris v. Missouri Dep't of Mental Health, No. 4:08-CV-1247 CAS, 2009 WL 152105, at *2 (E.D. Mo. Jan. 21, 2009) (same)). Title VII of the Civil Rights Act addresses unlawful employment practices. See 42 U.S.C. § 2000e-2. To state a claim under Title VII, a plaintiff must allege an employer/employee relationship. Martin, 710 F. Supp. 2d at 886 (citing 42 U.S.C. § 2000e-2(a)). Abdull has not alleged an employer/employee relationship. Therefore, to the extent a claim under Title VII has been alleged, the claim is not plausible on its face.

To the extent Abdull alleges violations of other Titles or provisions of the Civil Rights Act, the Complaint is impermissibly vague. A complaint must provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A plaintiff may be ordered to amend a complaint if it fails to specify

which provision of a broad Act has been violated.  See Redel's, Inc. v. Gen. Elec. Co., 54 F.R.D. 443, 444 (S.D. Fla. 1972) (finding allegation that defendant violated Clayton Act to be "seriously deficient" and requiring plaintiff to amend complaint to "inform defendant of the violations allegedly established by the facts").  Requiring Abdull to amend the Complaint is warranted here.  Absent more specific allegations, Lovaas is unable to meaningfully respond to the Complaint.  Moreover, Abdull is represented by counsel who should clarify which Titles or provisions of the Civil Rights Act, if any, she asserts have been violated.

The Court will require Abdull to file an Amended Complaint on or before January 31, 2014.  Failure to timely file a legally sufficient Amended Complaint shall result in dismissal of the Civil Rights Act claim with prejudice.  In turn, dismissal of the Civil Rights Act claim would result in dismissal of this case, because the Court would no longer have original jurisdiction over any of the remaining claims and would decline to exercise supplemental jurisdiction over the MHRA claims.  See 28 U.S.C. § 1367(c)(3) (stating district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); Watts v. Fed. Home Loan Mortg. Corp., Civ. No. 12-692 SRN/JSM, 2012 WL 6928124, at *14 (D. Minn. Oct. 30, 2012) (dismissing state law claims without prejudice after all federal claims had been dismissed).

### D.  MHRA (Counts V-VI)

Abdull also alleges violations of the MHRA under Minn. Stat. §§ 363A.11 and 363A.14. Compl. ¶¶ 70-82.  Minn. Stat. §363A.11, subd. 1(a) makes it an unfair discriminatory practice "to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of race . . . [or]

national origin." Minn. Stat. § 363A.14 prohibits a person from intentionally aiding and abetting a violation or obstruction of the MHRA.

Lovaas initially argued the MHRA claims were time barred, but later conceded the claims have been timely filed. Lovaas also argues the MHRA claims must be dismissed because the decision to terminate A.A.'s treatment was not based on race but instead on Lovaas' determination that he was not capable of making further progress through the type of treatment Lovaas provided, and that termination of A.A.'s treatment was therefore mandatory under the rules and regulations of the federally funded MA program. Def.'s Mem. Supp. Mot. Dism. [Docket No. 9] at 9-13. Lovaas offers the affidavit of Dr. Larsson to establish that A.A. was incapable of further progress through the Lovaas program. However, as stated earlier, the Court has excluded matters outside the pleadings for the purposes of ruling on the motion to dismiss. Therefore, Dr. Larsson's affidavit is not considered at this stage of the litigation. Additionally, Abdull has alleged that A.A. was making progress through therapy and was discharged despite meeting the goals set by Lovaas. Compl. ¶ 26. The Court must assume these allegations to be true for the purposes of a motion to dismiss.

Finally, Lovaas argues the MHRA claims must be dismissed because Abdull has not produced a medical opinion refuting Lovaas' determination that A.A. was incapable of making further progress through the Lovaas program. Lovaas reasons that a plaintiff is statutorily required to include an affidavit of expert review when serving a defendant with a summons and complaint in a malpractice suit, and this action is analogous to a malpractice claim in that Abdull is challenging Lovaas' medical judgment as to the best course of treatment for A.A. Def.'s Reply Mem. [Docket No. 17] (citing Minn. Stat. §145.682). However, Lovaas has cited no

statutory or judicially-created requirement that a plaintiff alleging discrimination with regard to treatment-based services under the MHRA must produce a medical opinion at the pleading stage of the litigation.  The Court declines to impose such a requirement here.  Therefore, the motion to dismiss is denied as to the MHRA claims.  However, as discussed above, if a legally sufficient Amended Complaint is not timely filed, the Court will decline to exercise jurisdiction over the MHRA claims, and those claims will be dismissed without prejudice.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 7] is **GRANTED IN PART and DENIED IN PART**.

1. The Motion to Dismiss is granted as to Counts I, II, III, and VII, and those Counts are dismissed with prejudice.

2. Plaintiff shall file an Amended Complaint on or before January 31, 2014.  The Amended Complaint shall specify the Title or provision of the Civil Rights Act of 1964 on which Count IV is based.

3. Failure to file a legally sufficient Amended Complaint on or before January 31, 2014, shall result in dismissal of Count IV with prejudice, and dismissal of Counts V and VI without prejudice.

BY THE COURT:

  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  December 20, 2013.